IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEDRICK A. JONES,**

    **Plaintiff,**

    v.                                                                              CASE NO. 24-3173-JWL

**JOHNSON COUNTY ADULT
DETENTION CENTER,**

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Dedrick A. Jones is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**1. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). Plaintiff has failed to either pay the filing fee or to file a motion for leave to proceed in forma pauperis. Therefore, the Court issued a Notice of Deficiency (Doc. 2) ("NOD") granting Plaintiff until October 31, 2024, to either pay the filing fee or file a motion for leave to proceed in forma pauperis. The Court provisionally grants Plaintiff leave to proceed in forma pauperis. Plaintiff must still pay the fee or file an ifp motion by the deadline in the NOD.

Plaintiff's Complaint is largely incomprehensible and names the JCADC as the sole defendant. Plaintiff alleges that he has a camera "or something" in him because he hears voices that are not mental health voices. (Doc. 1, at 2.) Plaintiff alleges that the officers and inmates at the JCADC have made the dayroom a "shooting range" and they made his face and body look like

1

swiss cheese. *Id*. at 3.  He claims he is being shot "with symbols" and the voice he hears has logged onto his head from the internet. *Id*. at 6.  Plaintiff alleges that "they" can move these pieces in their arm with their muscle and "most of these people are Bionic." *Id*. at 7.

For relief, Plaintiff seeks to be removed from the JCADC, a full body MRI, and $20,000,000 for his pain and suffering. *Id*. at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are

2

insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff names the JCADC as the sole defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

Not only has Plaintiff failed to name a proper defendant, but his claims also appear to be frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that

4

> Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

Plaintiff should show good cause why his Complaint should not be dismissed as frivolous and for failure to name a proper defendant.

**IV.  Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** the Court **provisionally grants** Plaintiff leave to proceed in forma pauperis.  Plaintiff remains obligated to comply with the Court's NOD at Doc. 2 by **October 31, 2024,** by either paying the filing fee or submitting a motion for leave to proceed in forma pauperis**.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **October 31, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated October 1, 2024, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
