IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DEDRICK A. JONES,**

    **Plaintiff,**

    v.                                      CASE NO. 24-3173-JWL

**JOHNSON COUNTY ADULT
DETENTION CENTER,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC"). The Court granted Plaintiff leave to proceed in forma pauperis. On October 1, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Docs. 6, 9). Plaintiff has also filed an Amended Complaint (Doc. 10).

Plaintiff's Complaint is largely incomprehensible and names the JCADC as the sole defendant. Plaintiff alleges that he has a camera "or something" in him because he hears voices that are not mental health voices. (Doc. 1, at 2.) Plaintiff alleges that the officers and inmates at the JCADC have made the dayroom a "shooting range" and they made his face and body look like swiss cheese. *Id*. at 3. He claims he is being shot "with symbols" and the voice he hears has logged onto his head from the internet. *Id*. at 6. Plaintiff alleges that "they" can move these pieces in their arm with their muscle and "most of these people are Bionic." *Id*. at 7.

For relief, Plaintiff seeks to be removed from the JCADC, a full body MRI, and $20,000,000 for his pain and suffering. *Id*. at 5.

The Court found in the MOSC that Plaintiff fails to name a proper defendant. Plaintiff names the JCADC as the sole defendant. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

The Court found that not only has Plaintiff failed to name a proper defendant, but his claims also appear to be frivolous. "A complaint . . . is frivolous when it 'lacks an arguable basis either in law or in fact.'" *Manco v. Does*, 363 F. App'x 572, 575 (10th Cir. 2010) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The Tenth Circuit in *Manco* held that:

> The district court also did not abuse its discretion when it held Manco's claims related to the alleged tracking device were frivolous. Manco's theory that numerous state officials monitor his thoughts and send him inaudible, profane messages is not supported by any evidence. Manco provides citations to various patents and secondary literature that describe tracking devices. Even if, for the sake of argument, this court assumes that such devices exist, Manco fails to provide evidence that officials implanted a device in his body, nor does he give a plausible motive for state officials to embark on such an endeavor. We agree with the district court that

> Manco's tracking device claims are frivolous. *See Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (describing frivolous claims as "fanciful," "fantastic," and "delusional," and holding "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them").

*Id*.

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed as frivolous and for failure to name a proper defendant. In his response, Plaintiff argues that officers and inmates at the JCADC are "running formation" on Plaintiff. (Doc. 6, at 1.) He describes a "formation" as forming a shape of people, or moving in sequence. *Id*. Plaintiff claims that there are too many people involved to name a defendant. *Id*. He claims that the whole staff has been in formation for over 60 days, pinging him. *Id*. at 2.

The Court finds that Plaintiff's response fails to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court also notes that to the extent Plaintiff's asks the Court to send the FBI or others to check on him, the Court will not be taking any action on those requests. *See* Doc. 6–2; Doc. 9.

Although the Court did not grant Plaintiff an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC, he filed an Amended Complaint (Doc. 10) on November 4, 2024. Although the Amended Complaint names individual defendants—including all of the inmates in 7-A that are in formation—he still fails to state a plausible claim for relief. In his Amended Complaint, Plaintiff claims that "[t]he virtual reality game 'Find a Mole' is being played on [him] by staff and inmates, [Plaintiff] being the 'mole.'" (Doc. 10, at 1.) Plaintiff states that he is suing for cruel and unusual punishment "for the formation and virtual reality game that is being played on [him]. Being [he] can feel the impact of the shots from the game, and it's

leaving scars all over [his] face, head, and body. Disfigurement of [his] head, an[d] internal damage." *Id*. at 2. Plaintiff claims that an order for x-rays and MRIs of the officers and inmates will tell the story and the hardware in them and in Plaintiff will support his lawsuit. *Id*. at 3. Plaintiff seeks $20,000,000.00 in damages. *Id*. at 5.

Plaintiff's claims in his Amended Complaint are frivolous and fail to state a plausible claim for relief. Plaintiff also filed a motion (Doc. 11) seeking an extension of time to submit his initial partial filing fee. Because this case is being dismissed, Plaintiff is no longer obligated to submit the fee by a certain date. Therefore, the motion is denied as moot. Plaintiff also filed a motion (Doc. 12) seeking to have pictures taken of his head, face and body. The motion is denied as moot in light of the dismissal of this case.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motions (Docs. 11, 12) are **denied as moot.**

**IT IS FURTHER ORDERED** that this matter is **dismissed** as frivolous.

**IT IS SO ORDERED**.

**Dated November 5, 2024, in Kansas City, Kansas.**

> S/ John W. Lungstrum
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE